IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VYACHESLAV ZHEREBNENKO, et al., | | |
| Plaintiffs, | | No. CIV S-09-2964 GEB KJM PS |
| vs. | | |
| COUNTRYWIDE HOME LOANS, INC., et al., | | FINDINGS AND RECOMMENDATIONS |
| Defendants. | | |
| _____/ | | |

  Defendants' motion to dismiss came on regularly for hearing on January 27, 2010. No appearance was made for plaintiffs. Bahareh Mostajelean appeared telephonically for defendants. Upon review of the documents in support, no opposition having been filed, and good cause appearing, THE COURT FINDS AS FOLLOWS:

  Plaintiffs filed this action in state court and the action was removed to this court on October 22, 2009. On October 29, 2009, defendants filed a motion to dismiss, to which plaintiffs did not timely respond. By order filed December 4, 2009, plaintiffs were given additional time in which to file opposition to defendants' motion and were cautioned that failure to file opposition would be deemed as a statement of non-opposition. Plaintiffs still have not filed an opposition and failed to appear at the hearing on the motion held on January 27, 2010.

The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case brought by plaintiffs and which has been proceeding forward since its filing. Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Regarding the third factor, defendants already have briefed their motion to dismiss, and would be prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness. Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case plaintiffs have declined to oppose the motion to dismiss and have thus precluded the court's evaluation of the potential merits of such an opposition. Under these circumstances, the fourth factor is outweighed by the others.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in its December 4, 2009 order has advised plaintiffs that this action is subject to dismissal, directed plaintiffs to file opposition, and granted ample additional

1 time to oppose the pending motion after plaintiffs failed to timely oppose defendants' motions to
2 dismiss, all to no avail.  From plaintiffs' failure to respond to the most recent order and failure to
3 appear at the hearing on the motions to dismiss, the court finds that plaintiffs have abandoned
4 this litigation.  The court therefore concludes there is no suitable alternative less drastic sanction
5 to dismissal.
6              Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
7 with prejudice.
8              These findings and recommendations are submitted to the United States District
9 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
10 fourteen days after being served with these findings and recommendations, any party may file
11 written objections with the court and serve a copy on all parties.  Such a document should be
12 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
13 objections shall be served and filed within seven days after service of the objections.  The parties
14 are advised that failure to file objections within the specified time may waive the right to appeal
15 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: January 28, 2010.

_____
U.S. MAGISTRATE JUDGE

006
zherebnenko.57